## Richmond

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v.
BERNARD WHITE, ET AL.

April 28, 1969.

Record No. 6868.

Present, All the Justices.

*Wayt B. Timberlake, Jr.* (*Timberlake, Smith and Thomas,* on brief), for plaintiff in error.

*Richard F. McPherson* for defendant in error.

GORDON, J., delivered the opinion of the court.

Plaintiffs Bernard White and his wife brought this action against defendant Nationwide Mutual Fire Insurance Company to recover under a homeowners policy for damage to their home resulting from heavy snows. The trial court, sitting without a jury, found that the damage was caused by the weight of snow and ice and was therefore covered by the policy. On this appeal we are called upon not to interpret doubtful language of an insurance policy, but to decide whether the evidence supported the trial court's factual finding.

The homeowners policy provides coverage for damage caused by the "weight of ice, snow or sleet", but excludes from coverage "loss caused by, resulting from, contributed to or aggravated by . . . water which backs up through sewers or drains".

In the latter part of January 1966, there were two heavy snowfalls in Staunton. After the second snowfall, shingles were dislodged

from the roof of White's home and water leaked through the roof causing damage to the interior.

The insurance company contends that the shingles were dislodged by "the melting of the snow on the roof, the backing up of this water by the stoppage of the guttering (drains), and the cracking of shingles on the roof as the melted snow would freeze". White contends that the shingles were dislodged by the weight of snow and ice.

White's home has a steep roof covered with composition shingles. After the second snow in January, White observed that ice "had come off" the roof, and that shingles "were stuck to it". White called a roofing contractor, who suggested that he remove the guttering from the house.

The roofing contractor, who was snowbound when White first called, came to the house several days later and inspected the roof. Referring to this inspection, he testified:

> "Well, it was so much snow you couldn't hardly tell much, but there was—*the snow was beginning to slip and the shingles were going with it*. At the top part where the snow was off, everything seemed to be in fine order but down at the bottom this was where the damage was, and the shingles was removing, going from the roof and the water was leaking in at the lower side." (Emphasis added.)

The contractor also noticed that a roofing board had been split.

The evidence showed that snow and ice had adhered to the shingles. The trier of fact could have reasonably found that the weight of the snow and ice caused snow and ice to slip off the roof and, in the process, to dislodge the shingles. The fact that a roofing board had been split lends support to the finding that weight caused the dislodging of the shingles.

On the other hand, the evidence does not show, much less conclusively show, that the shingles were cracked by alternate freezing and thawing or that water backed up on the roof because the gutters were stopped-up.

*Affirmed.*